**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 01-21178**

---

**VITOL S.A.,**

**Plaintiff-Appellant,**

**versus**

**THE UNITED STATES DEPARTMENT OF THE TREASURY;**
**THE OFFICE OF FOREIGN ASSETS CONTROL; R. RICHARD NEWCOMB,**
**Director of the Office of Foreign Assets Control,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-00-CV-5027)**

---

November 21, 2002

Before DAVIS and BARKSDALE, Circuit Judges, and AFRICK, District Judge[*].

PER CURIAM:[**]

Vitol S.A. appeals from the district court's summary judgment affirmance of the decision by the Office of Foreign Assets Control (OFAC), under 31 C.F.R. §§ 550.208 and 550.209 (Libyan Sanctions), to block approximately $5 million involved in an oil transaction. We review *de novo*, applying the same standard as did the district

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court in reviewing the OFAC decision. Accordingly, we review the OFAC decision to determine whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706(2)(A).

Vitol S.A. contends: (1) OFAC misinterpreted §§ 550.208 and 550.209; (2) no evidence supports Vitol U.S. being in possession or control of the blocked oil when a special designated national of the Libyan government maintained an interest in it; (3) no evidence supports Vitol U.S. evading or avoiding the Libyan Sanctions; and (4) § 550.208 is unconstitutionally vague.

Having heard oral argument, and having reviewed the briefs and the pertinent parts of the record, and in the light of our narrow standard of review, the decision is affirmed essentially for the reasons stated by the district court. Along this line, 31 C.F.R. § 550.208 is not unconstitutionally vague.

*AFFIRMED*